UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| v. | ] Civil Action No. 4:12CV1675 |
| JOANNE E. DOUGLAS, ET AL | ] Judge David D. Dowd, Jr. |
| Defendants. | ] |

**JUDGMENT ENFORCING LIENS AND ORDER OF SALE
AND DISTRIBUTION OF PROCEEDS**

The Court has for consideration the plaintiff United States' Motion for a Default Judgment Regarding Tax Liens, Foreclosure, Sale and Distribution of Proceeds, and having duly considered the motion, and for good cause shown, it is hereby:

ORDERED that the plaintiff United States has valid and subsisting federal tax liens and a judgment lien against all property and rights to property of defendant Joanne Douglas, including her interest in the real property located at 14315 Ellett Road, Beloit, Ohio 44609 (the "Property") and which is more particularly described as:

> Situated in the Township of Smith, County of Mahoning and State of Ohio and known as being part of the Northeast Quarter Section No. 36, Township 18, Range 5 and being part of the tract of land transferred to Michael and Pamela Douglas as recorded official record volume 5507, Page 2120, Parcel 2 and further described as follows to wit;
>
> Beginning at a monument found at the intersection of the centerlines of Ellett Road (C.R. 27) and Harrisburg-Westville Road (S.R. 62) and being the Southwest Corner of the Southeast quarter of Section 36;

Thence North 00" 04" 10" West, Along the centerline of said Ellett Road and along the quarter section line, a Distance of 2655.36 feet to a 1 1/4" iron bar found at the southwest corner of the northeast quarter of section 36 and further known as the true place of beginning for the tract of land herein described;

Thence north 00" 00" 00" East, along the quarter section line and along the centerline of said Ellett Road, a distance of 319.85 feet to a 1" steel spike set;

Thence North 90" 00" 00" East, along the line of J.E. Douglas Plat #1 Lot 1 (P.B. 81, PG 87), Now or formerly owned by M. & J. Conny (O.R.V. 957:322), passing over a 5/8" iron bar set at 30.00 feet, a total distance of 240.00 feet to a 5/8" iron bar set;

Thence North 00" 00" 00" East, along the line of said Lot 1, a distance of 125.00 feet to a ½" iron bar found;

Thence South 90" 00" 00" West, along the line of said lot 1, passing over a ½" iron bar found at 210.00 feet, a total distance of 240.00 feet to a 1" steel spike set on the quarter section line and in the centerline of aforesaid Ellett Road;

Thence North 00" 00" 00" East, along the quarter section line and along the centerline of said Ellett Road, a distance of 171.73 feet to a 1" steel spike set;

Thence North 88" 59" 14" East, passing over a 5/8" iron bar set at 30.00 feet, a total distance of 833.79 feet to a 5/8" iron bar set;

Thence South 02" 20" 27" West, a distance of 628.49 feet to a 5/8" iron bar set on the quarter section line;

Thence South 89" 45" 46" West, Passing over a 5/8" iron bar found at 777.89 feet, a total distance of 808.00 feet to the true place of beginning;

Containing 11.034 acres of land based on a field survey by Robert L. Akins this 10th day of March, 2006.

  (10.695 Acres–Lot Area)
  (0.339   Acres–Road R/W)
Prior deed reference: Official Record Volume 5507, Page 2120, Parcel 2.

Basis of Bearings: The Bearing of North 00" 00" 00" East, used for the quarter section line and centerline of Ellett Road as recorded in Plat Book 61, Page 87.

Subject to all legal highways and any easements or restrictions of record.

ORDERED FURTHER that the defendants State of Ohio Department of Taxation and Ziegler, Metzger and Miller, LLP. are not entitled to any of the proceeds secured through this action:

ORDERED FURTHER that the Property shall be sold under 28 U.S.C. §§ 2001 and 2002 and without the right of redemption, to satisfy the foregoing liens, as follows:

1. The Internal Revenue Service's Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

2. The terms and conditions for the sale of the Property are as follows:

   a. The sale of the Property shall be free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including without limitation, the plaintiff United States of America, and the defendants Joanne Douglas, State of Ohio Department of Taxation and Ziegler, Metzger and Miller, LLP.

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and government regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

   c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises.

   d. The PALS shall announce the date and time of the sale.

   e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general

circulation in Mahoning County, and at the discretion of the PALS, by any other notice that the PALS deems appropriate.  The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale.

      f.  The PALS shall set and may adjust the minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

      g.  At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Northern District of Ohio, a deposit in an amount between (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale.  Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement.  No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.  The United States may bid as a creditor against its judgment without any tender of cash.

      h.  The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale.  The money order, certified check, or cashier's check payable to the United States District Court for the Northern District of Ohio shall be given to PALS who will deposit the funds with the Clerk of this Court.  If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the

deposit shall be forfeited as damages and applied to the judgment for the federal tax liabilities entered in this case. The Clerk shall distribute the forfeited deposit as directed by the PALS by drawing a check made out to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Property free and clear of all rights and claims of the defaulting bidder(s).

> i. The Clerk of the District is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

> j. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s). After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, and titles and claims to, the Property that is held or asserted by the parties to this action are discharged and extinguished.

> k. The Property shall be offered for sale "as is" with all faults and without any warranties either expressed or implied, and the sale shall be made without any right of redemption.

> l. When this Court confirms the sale, the Recording Official of Mahoning County, Ohio, shall cause the transfer of the Property to be reflected upon that county's

register of title.  The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

3.  Until the sale of the Property is confirmed, Joanne Douglas shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current conditions including, without limitation, maintaining a fire and casualty insurance policy and Joanne Douglas and all occupants of the Property shall neither commit waste against the Property nor cause or permit anyone else to do so.  Defendant Douglas shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  Defendant Douglas shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, positing signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall she cause or permit anyone else to do so.

4.  All persons occupying the Property shall vacate the Property permanently within 45 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to vacate the Property by the date specified in this order of sale, the PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected.  Any personal property remaining on the Property 45 days after the date of this order of sale is deemed forfeited and abandoned, and

the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds from of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk for the Northern District Court of Ohio and the Clerk of the Court is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

5. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4 above, Joanne Douglas shall notify counsel for the United States of a forwarding address where she can be reached. Notification shall be made by contacting the Department of Justice Tax Division's paralegal at (202) 353-2582.

6. Until the confirmation of the sale of the Property, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified:

    a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

    b. Second to Mahoning County, or other local taxing authority, for real property taxes and other local assessments due and owing;

      c. Third, the remaining proceeds shall be distributed to the plaintiff United States of America for application to the liability then outstanding in connection with unpaid federal tax liabilities of the defendant Joanne Douglas in the amount of $1,271,907.01 as of August 12, 2010, plus all accrued statutory penalties, additions, and interest from the foregoing date until fully paid.

      d. Any further remaining sale proceeds shall be held in the Court's registry pending further order of this Court.

IT IS SO ORDERED, ADJUDGED AND DECREED:

                                          s/David D. Dowd, Jr.
                                          _____
                                          Judge David D. Dowd, Jr.
                                          United States District Court

Date: __January 23__, 2013